SPRINGFIELD & MEMPHIS RAILWAY COMPANY V. HENRY.

1. RAILROADS: *Right of Way: Elements of damages for.*
   The destruction of a land owner's crop by reason of his fences being thrown down by the builders of a railroad, and the cost and annoyance of keeping the stock out of his crop are not proper elements of damages in a proceeding for condemnation of the right of way. They are an independent tort.

2. SAME: *Damages from overflowing lands.*
   If by the construction of the road-bed and ditches the surface water is diverted from its usual and ordinary course, and by means of embankments or ditches is conveyed to any particular place, and thereby overflows land which did not overflow before, the company will be liable to the land owner for the injury.

APPEAL from *Lawrence* Circuit Court.
Hon. R. H. POWELL, Circuit Judge.

*Newman Erb* and *Caruth & Erb* for appellant.

No compensation can be recovered for damages to a land owner on account of destruction of his crop and throwing down his fence while constructing a railroad, in a proceeding to condemn the right of way. It is a tort, and an independent action must be brought therefor. *Mills on Em. Dom., sec. 220, notes 3, 4 and 5.*

The railroad having let the contract to do the work, is not liable for the negligence of contractors' servants. 25

Springfield & Memphis Railway Company v. Henry.

*Ill., 434; 46 Pa. St., 213; Pierce on R. R., p. 286; 28 Vt., 3; 36 Mo., 202; 16 Wal., 566; 7 Hurl. & N., 826.*

The flooding of land by defective construction of the road, *not yet completed,* was not a proper element of damage to be considered in this proceeding. (*8 Dr., 31; Mills Em. Dom., sec. 220; Pierce on R. R., p. 218.*) Nor overflow by reason of surface water accumulating by reason of the construction of the road. But if so, the cost of a drain or ditch sufficient to carry off the surface water accumulated, was the measure of damage.

See also *34 Ia., 455; 28 Pa. St., 203; 33 Ib., 426; 5 A. & E. R. Cas., 384.*

*W. F. Henderson* for appellee.

The damage to appellee's crop by pulling down his fence and thus allowing stock to enter and destroy it, was properly left to the consideration of the jury. It was incidental to and naturally flowed from the construction of the road, and was a part of his actual *damages,* resulting from the appropriation of the land. *Sec. 22, art. 2, Constitution 1874.*

To divert a running stream in such manner as to flood one's land is an element of damage in a proceeding like this (*Field on Corp., secs. 451, etc.; Mills Em. Dom., sec. 183*), as is also neglect to put in proper culverts to drain the surface water, or to permit it to flow in its natural way. *39 Ark., 463.*

The elements properly entering into the assessment of damages have been settled by this court, *39 Ark., 167; 42 Ib, 528,* and under the circumstances the verdict is not excessive.

SMITH, J. This was a proceeding by the railroad company for the condemnation of a right of way across a farm.

1. RAIL-
ROADS:

The land owner answered, setting up his damages by reason of the actual appropriation of a part of the tract and the injury to the remainder. When the case was called for trial, he filed a supplemental answer, setting forth a new and distinct item of damage, to wit:

Right of Way: Elements of damage for.

" That he has been damaged, in addition to the amount claimed in his answer, in the sum of two hundred (200) dollars, on account of the destruction of his crop and throwing down his fence, while constructing said railroad by the agents and contractors of said railroad."

The sufficiency of this supplemental answer was questioned by demurrer, but the demurrer was overruled. At the trial evidence was gone into against objections, to show injury to appellee's crop, outside the location of the road, caused by stock entering through gaps in the fence made by the sub-contractors during construction. And the court gave the following charge upon this subject:

" The jury are instructed that the destruction of the land owner's crop during the construction of the road, by reason of his fences being thrown down by the builders of the road, and the cost and annoyance of keeping the stock out of his crops, are to be considered in assessing his damages, if they believe from the evidence that it was necessary to throw down the fences in the construction of the road."

In *Springfield & Memphis R. Co. v. Rhea, ante, 258*, we gave a somewhat liberal construction to the statute by allowing the land holder to show permanent injury to the land not taken by flooding and rendering it unfit for cultivation by defective construction of the road-bed. But we are not disposed to extend this principle so as to authorize a recovery in this form of action for an independent tort, having no natural or necessary connection with the subject matter of the suit.

Whether a railroad company, having let out the contract to do this work through the defendant's farm, is liable for the negligence of the contractor's servants is a question upon which no opinion is expressed. (See *Clark v. Vt. & C. R. Co., 28 Vt., 103; Clark v. H. & St. J. R. Co., 36 Mo., 202; C., St. P. & F. Du Lac R. Co. v. McBarthy, 20 Ill., 385.*) All we mean to decide is that it is not a proper element of damage in a proceeding for the condemnation of the right of way under the statute.

The railroad company likewise contends that the flooding of Henry's land by the faulty construction of the road was not a legitimate subject of inquiry by the jury. The proofs showed that the building of the road had the effect to drain the surface water from the right of way and to throw it upon the defendant's meadow. Also, that the farm, which had before been protected from inundation from a neighboring creek by a slight elevation or ridge running between the creek and the farm, was now exposed to overflow by the cutting away of said ridge by the railroad company. Our Constitution (section 22, article 2) provides that " private property shall not be taken, appropriated or damaged for public use, without just compensation therefor." That proof of such damages is admissible in a proceeding of this kind was decided in Rhea's case, *supra*. So far as the diversion of the water of a running stream from its natural channel is concerned, the authorities are not in conflict. But some courts have taken a distinction between running water and surface water. However, the sound rule appears to be that whoever, by artificial means, changes the natural condition of another man's land, whereby he is damnified, ought to answer to him for the damages. As it was expressed by the Supreme Court of Texas, in *Galveston, etc., R. Co. v. Donahoe, 59 Texas, 128:* "If by construction of the road-bed and ditches the

*[margin note: Damages for overflowing land.]*

surface water is diverted from its usual and ordinary course, and by means of embankments or ditches such surface water is conveyed to any particular place, and thereby overflows land which before the construction of the road did not overflow, the company will be liable to the land-owner for such an injury." See also *L. R. & Ft. S. R. Co. v. Chapman, 39 Ark., 463.*

It is also objected that the damages awarded, $1,250, are excessive. The farm containod 240 acres, proved to have been worth $30 per acre before the road was built. The right of way, 100 feet wide, extended through the whole tract for nearly three-fourths of a mile, consuming not less than 7¼, nor more than nine acres. Several other acres of tillable land were made marshy and liable to overflow. The tract was divided into parcels of inconvenient size, and the owner had to travel the distance of a quarter of a mile, in passing from one part of the land to the other, in order to get to a crossing. But for the amount, which the jury no doubt estimated, for the destruction of the owner's crops on lands adjacent to the right of way, the verdict is not so unreasonable as to call for interference at our hands. And if the appellee shall, within two weeks, enter a remittitur of $200, the sum claimed by him on this account, and shall also abandon of record all right to proceed on the recognizance, his judgment will be affirmed on the usual terms of paying costs. Otherwise he must submit to another trial.