ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* BRADY.

Opinion delivered July 15, 1907.

1.  RAILROAD—DAMAGES OUTSIDE OF RIGHT OF WAY—LIABILITY.—Where a landowner for a nominal consideration deeded a right of way through his land to a railroad company, and stipulated in the deed that "no damages are hereby waived to any land outside of the 100 feet right of way," he will be entitled to recover such damages to his land outside of the right of way as resulted from the proper as well as the improper construction of the railroad. (Page 491.)

2.  APPEAL—HARMLESS ERROR.—If it was error to permit a nonexpert witness to testify how a railroad could have been constructed as to avoid damage to plaintiff's land, such testimony was not prejudicial where it did not show that the damage was greater or less than that shown by other testimony, and did not affect the amount plaintiff was entitled to recover. (Page 491.)

Appeal from Marion Circuit Court; *Elbridge G. Mitchell,* Judge; affirmed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1.  The testimony does not show that appellant was in fault in the construction of its roadbed. All damages necessarily the result of the proper construction of the road were included in the right of way. The company is not liable unless the construction was negligently done. 44 Ark. 258; *Ib.* 360; 47 *Id.* 330; 47 *Id.* 340.

2.  The court erred in permitting plaintiff to testify as to how the railroad should have been constructed. 66 Ark. 491; 59 *Id.* 612; 76 *Id.* 542; 55 *Id.* 65; *Ib.* 128; 62 *Id.* 1.

3. Also in permitting plaintiff to testify as to some prom-
ises made to him by some engineer of the railroad that they
would dig a ditch. 29 Ark. 512; 46 *Id.* 222; 52 *Id.* 278; 57 *Id.*
287; 68 *Id.* 225.

4. The damages are excessive.

*Frank Pace* and *Sam Williams,* for appellee.

1. Not only by contract, but by statute defendant was lia-
ble for damages. Kirby's Digest, § 2941; 35 Ark. 622; 44 *Id.*
258; *Ib.* 360; 71 Ark. 189; 39 *Id.* 463.

2. The testimony of Brady was admissible to show that
the digging of a ditch was necessary for the protection of the
land. 1 Gr. on Ev. § 113.

3. Damages not excessive. 25 Ark. 380; 78 Ark. 589.

BATTLE, J. J. W. Brady brought an action against St.
Louis, Iron Mountain & Southern Railway Company. He al-
leged in his complaint that he was the owner of certain lands
in Marion County, in this State; that for and in consideration of
one dollar to him paid and a private crossing to be erected on
these lands and maintained by the railway company for his
convenience, he gave to the defendant the right of way over
the same; that the defendant constructed its railroad "through
these lands in such a manner as to negligently provide openings
for water, causing the same to pass through a trestle a great dis-
tance from the natural passage, causing plaintiff's lands to be
overflowed, to his damage in the sum of three thousand dollars."

The defendant answered and denied each material allega-
tion of the complaint.

The jury returned a verdict, and the court rendered judg-
ment in favor of the plaintiff for $850, and the defendant ap-
pealed.

Appellee and his wife, for and in consideration of the sum
of one dollar to them in hand paid by the White River Railway
Company, to whose rights and liabilities the appellant succeeded,
and in consideration of the benefits to accrue to them from the
building of a railway through their lands, sold and conveyed
to the White River Railway Company a right of way one hun-
dred feet wide, the middle thereof to be the center of the track
of railway to be constructed, over and across the land of ap-

pellee; and reserved the right to recover all damages suffered by them from the construction of the railway except to the land within the right of way, declaring in the deed: "No damages are hereby waived to any land outside of the 100 feet right of way."

The appellant constructed its railway over these lands. There was evidence adduced in the trial which tended to prove that the lands of appellee outside of right of way were damaged by its construction in a sum larger than the amount recovered.

Appellee's right to damages to lands which were not included in the right of way were unaffected by the deed. As to such lands he expressly reserved the right to damages, and as to them was entitled to recover all damages, both those resulting from the proper as well as the improper, unskillful and negligent construction of the road. *Little Rock & Ft. S. R. Co.* v. *Chapman,* 39 Ark. 463; *Springfield & Memphis Ry. Co.* v. *Rhea,* 44 Ark. 258; *Springfield & Memphis Ry. Co.* v. *Henry,* 44 Ark. 360.

Appellant complains because the court allowed a witness to testify how the road could have been constructed so as to avoid damage, because he (witness) was not shown to be an expert; and that plaintiff testified that a person claiming to be an engineer of the railroad company promised him to dig a certain ditch for the purpose of preventing damage to lands. This testimony was not prejudicial. It did not show that the damage was any greater or less than that shown by other testimony, and did not affect the amount he was entitled to recover.

The evidence was sufficient to sustain the verdict.

Judgment affirmed.