[Civ. No. 4117.   Fourth Dist.   Oct. 30, 1950.]

RUFUS A. BAKER et al., Respondents, v. MICHAEL J. PIERCE, Appellant.

C. Frederick Woolpert for Appellant.

Wallace P. Rouse for Respondents.

BARNARD, P. J.—The plaintiffs and the defendant owned adjoining tracts of land in Indio, each of which was improved as a motel. The plaintiffs' predecessors had granted to the defendant an easement over a 5-foot strip of their property for the purpose of installing and maintaining a water pipe line. The agreement therefor provided that such pipe line should be installed and maintained below the surface of the ground, and that the granting of the easement should not preclude the grantors from placing and maintaining buildings upon the land covered by the easement.

Nearly two years before this easement was granted a row of paloverde trees had been planted upon the strip covered by the easement, with oleanders interspersed between the trees. These trees were watered and cared for by the plaintiffs after they acquired their property. Several years after he acquired the easement the defendant cut down 11 of these trees, being those nearest the front end of the properties, but did not remove the stumps. At that time these trees were about 25 feet high. He did not cut down the oleanders, which were about 10 feet high.

The plaintiffs then brought this action for damages for the unlawful destruction of these trees, alleging that their land had been thereby damaged and lessened in value. At the trial, the defendant admitted that he had cut the trees, saying that he had intended to alter his pipe line, which had already been installed, and that the trees would interfere with that work. There was ample evidence, however, as he admits in his brief, that he cut the trees for the purpose of making his motel sign more visible from the main highway. The court found in favor of the plaintiffs fixing their damages at $1,650, and the defendant has appealed from the judgment.

The appellant contends that he had a right to remove these trees since they would increase the cost of his installation of a pipe line; that the court erroneously tried the case on the theory that he owed some duty to the respondents with respect to the manner in which he used the easement; that the only right the respondents retained in the land covered by the easement "was the right to receive light and air across the easement," citing *Switzler* v. *Robert A. Klein & Co.*, 94 Cal.App. 410 [271 P. 367] and *Zlozower* v. *Lindenbaum*, 100 Cal.App. 766 [281 P. 102]; and that the respondents had no right to plant trees and shrubs in that area. ■ The trees were there when the easement was granted, and the grant reserved a right to the grantors to place or maintain "buildings on said easement." Possible inconvenience in installing a pipe line was contemplated by the agreement. There is ample evidence that a pipe line could easily be installed without destroying the trees. ■ No authority need be cited for the well-known rule that the owner of a dominant tenement must use his easement and rights in such a way as to impose as slight a burden as possible on the servient tenement. It clearly appears that the appellant had no right to cut these trees. It further appears, in spite of some slight evidence to the contrary, that his real purpose was to obtain a better view for his motel sign. The cases cited by appellant in no way support the contention here made.

It is next contended that the court erred in sustaining objections to certain questions asked of an expert witness for the appellant, with respect to the value of paloverde trees. The only argument is that this witness had qualified as an expert and that his testimony was "as admissible as testimony of respondents' witnesses on the same subject." In this connection this witness was asked "Have you ascertained whether the Forestry Service places any value on the Palo Verde

tree?'' and ''Have you been able to ascertain whether or not, from the standpoint of the Forestry Service, whether the Palo Verde tree has any value?'' ▪ Whether the Forestry Service places any value on such trees, and whether the witness had ascertained its point of view, was immaterial. The objections to these questions were properly sustained. A portion of one other answer by this witness was properly stricken as not responsive to the question.

Finally, it is contended that the court erred in allowing certain testimony regarding the value of these trees. In this regard, two witnesses who formerly owned respondents' property testified that the trees were worth from $100 to $150 each, when considered in connection with and as a part of the property. Another witness testified that it would cost $225 a tree to replace these trees with others of similar size and kind. It is argued that this evidence was erroneously admitted because the measure of damages for the destruction of such shade trees is the damage to the freehold, rather than the value of the trees themselves. As was said in *Hill* v. *Morrison*, 88 Cal.App. 405 [263 P. 573], where evidence was given with respect to the specific value of fruit trees, ''this worth, of course, related to the added worth of the ground with the trees, over the worth of the ground without the trees, and was a proper method of determining the damage.'' A similar situation here appears. ▪ These trees had been grown for their ornamental and shade value in connection with the motel property, and the case was tried and this evidence received on the theory of the damage done to the property as a whole, and not with respect to any intrinsic value of the trees as so much wood. The evidence complained of was properly admitted. The evidence, as a whole, conforms to the applicable rules of damages. (Civ. Code, § 3333; *Alphonzo E. Bell Corp.* v. *Listle*, 74 Cal.App.2d 638 [169 P.2d 462]; *Hancock* v. *George R. Curtis Paving Co.*, 114 Cal.App. 624 [300 P. 65].)

The judgment is affirmed.

Griffin, J., concurred.