U. S. Fidelity & Guaranty Co. *v.* Moore.

5-2429 . 346 S. W. 2d 524

Opinion delivered May 29, 1961.

*Odell Pollard* and *W. R. Hastings, Jr.,* for appellant.

*Yingling, Henry & Boyett,* by *Comer Boyett, Jr.,* for appellee.

Jim Johnson, Associate Justice. This is an appeal from an order sustaining a demurrer filed by appellee,

Mary Ellen Moore, resulting in the dismissal of appellant U. S. F. & G.'s complaint.

On August 20, 1958, appellant issued its family automobile policy, No. AF2603179, to appellee for pleasure and business use which provided, *inter alia,* comprehensive coverage.

The insured automobile was confiscated on October 30, 1958, by agents of the Alcohol and Tobacco Tax Division of the U. S. Treasury Department. A forfeiture was entered upon the confiscation, the insured automobile was sold, and the U. S. Treasury Department kept the proceeds from such sale.

At the time of the confiscation and forfeiture, The Searcy Bank of Searcy, Arkansas, held appellee's title retaining note on the insured automobile. A balance of $875.36 was owed by appellee to the said bank at the time of the confiscation and forfeiture.

Attached to appellant's policy was appellant's long form loss payable clause. Said long form loss payable clause was in favor of The Searcy Bank and provided that the insurance as to the interest of the bank would not be invalidated by acts or neglect on the part of appellee.

Appellant denied that it owed appellee anything under the policy for the loss of the insured vehicle on the grounds of public policy but did pay The Searcy Bank the sum of $875.36, the balance owed on the appellee's title retaining note.

Appellant demanded payment of appellee for the amount which it had paid The Searcy Bank. Appellee refused to pay appellant, whereupon appellant filed suit in the Circuit Court of White County against appellee for the sum of $875.36.

Appellee demurred to appellant's complaint. The trial court sustained appellee's demurrer and in so doing held that appellant owed appellee for the loss of the insured automobile by confiscation and forfeiture.

The long form loss payable clause provided that appellant should be subrogated to the rights of The Searcy Bank when appellant paid the balance owed the bank on appellee's title retaining note.

Upon the trial court's sustaining appellee's demurrer, appellant filed its notice of appeal, designation of contents of record on appeal, and then filed a transcript and brief with the Clerk of this Court, whereupon this Court entered a per curiam order dated October 10, 1960, dismissing appellant's appeal for lack of a final order. Upon receipt of this order, an Order of Dismissal was entered by the trial court upon which the present appeal is based.

For reversal, appellant relies on the following point: "The trial court erred in sustaining appellee's demurrer because it is against public policy to permit one to profit from the consequences of one's illegal act."

By proper assignment in accordance with its insurance policy, appellant was subrogated to the position of The Searcy Bank. Suit was brought on the subrogation agreement and the note was attached to the complaint. Paragraphs 5 and 7 of appellant's complaint are as follows:

"On October 30, 1958, agents of the alcohol and Tobacco Tax Division of the United States Treasury Department confiscated the hereinabove described automobile. Pursuant to said confiscation, said federal agency legally sold said automobile and retained the proceeds from same.

"Plaintiff's Policy No. AF2603179 which is set out in paragraph No. 4 hereinabove specifically did not provide coverage for losses to said automobile sustained as a result of confiscation by governmental authorities. Said policy did provide, however, in its long form loss payable clause (which was attached to said policy), that plaintiff would pay any amount owed by any lien holder on said automobile. Said loss payable clause further provided that upon plaintiff's payment of any such lien

that it would become subrogated to all the rights of said lien holder against defendant.''

Appellant argues that:

''The contract of insurance does not contemplate granting indemnity for a loss which is due to the intentional act of the insured, for one of the requisites of insurance is that the risk shall not be subject in any wise to the control of the parties. Upon this principle, as upon deeper grounds of public policy, the insuror is not required to indemnify the insured for a loss that has been caused by his own wrongful act.''

And in support of his contention cites the following authorities: *Vance on Insurance,* Hornbook Series, 2d Ed., 1930, p. 64; *Ritter* v. *Mutual Life Ins. Co.,* 169 U. S. 139, 18 S. Ct. 300, 42 Law Ed. 693; *Names* v. *Dwelling House Insurance Co.,* 95 Iowa 642, 64 N. W. 628; *Western Horse & Cattle Ins. Co.* v. *O'Neill,* 21 Neb. 548, 32 N. W. 581.

In answer to appellant's argument, appellee contends that:

''At no place in the complaint is any allegation made that appellee participated in, had knowledge of, or was in any manner connected with the confiscation of the automobile. The complaint simply states that the appellee was the owner of the automobile and the insurance policy and that the car was confiscated.''

The settled law relative to demurrer is that when the facts stated in a complaint with every reasonable inference deducible therefrom constitute a cause of action, the demurrer should be overruled. *McLaughlin* v. *City of Hope,* 107 Ark. 442, 155 S. W. 910, 47 L.R.A., N.S.; and that every reasonable intendment is to be made in favor of a pleading, and a complaint will not be set aside on demurrer unless so fatally defective that taking all facts to be admitted, a court can say they furnish no cause of action whatever. *Sharp* v. *Drainage Dist. No. 7 of Poinsett County,* 164 Ark. 306, 261 S. W. 923.

Following the rules set out above, we find that appellant's complaint specifically alleges a confiscation and by the use of the following language "Pursuant to said confiscation, said federal agency legally sold said automobile and retained the proceeds from same" alleges a forfeiture of the insured automobile from appellee by the agents of the Alcohol & Tobacco Tax Division of the United States Treasury Department.

This confiscation was merely the taking possession of the vehicle by said agents, but the forfeiture was an Order of the court following an adjudication of the right to possession and complicity of the owner. We take judicial notice that the Federal Courts will not decree a forfeiture unless there is participation, actual knowledge, or knowledge which can be imputed to the owner. *U. S.* v. *One 1955 Model Buick,* D. C. Ga., 1956, 145 F. Supp. 72; *General Motors Acceptance Corp.* v. *U. S.,* 249 Fed. 2d 183; *U. S.* v. *One 1949 G. M. C.,* CCA Okla. 1952, 200 Fed. 2d 120; *U. S.* v. *One 1936 Ford,* D. C. Ga. 1938, 22 Fed. Supp. 507; *U. S.* v. *One 1937 Ford Truck,* Ohio 1938, D. C. Ohio, 29 Fed. Supp. 278; *U. S.* v. *One 1950 Mercury Sedan,* C. A. Ala. 1953, 207 Fed. 2d 528; *U. S.* v. *C. I. T. Corp.,* C.C.A., N.Y. 1938, 93 Fed. 2d 469; *U. S.* v. *One Terraplane Sedan,* D.C. N.Y. 1938, 23 Fed. Supp. 710. The allegation of forfeiture in appellant's complaint necessarily infers this adjudication by the Federal Court. Appellee by her demurrer has admitted the truthfulness of these allegations.

Therefore, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.