DONHAM, COMMISSIONER *v.* NEELY CO.

5-2825                                                  361 S. W. 2d 650

Opinion delivered November 12, 1962.

*Lyle Williams,* for appellant.

*Warner, Warner & Ragon.* for appellee.

SAM ROBINSON, Associate Justice. The appellee, F. S. Neely Company, is engaged in the mining business in western Arkansas. Arko Briquettes, Inc. is a wholly owned subsidiary. In the state income tax returns filed by the Neely Company for the years 1957, 1958, and 1959, it deducted losses alleged to have been sustained by Arko Briquettes, Inc. for each of those years, and also deducted a sum each year because of depletion of gypsum deposits which the Neely Company was mining.

On December 14, 1960, the Revenue Commissioner for the State of Arkansas notified Neely that the heretofore mentioned deductions had been disallowed and that there was a deficiency in the sum of $3,970.98 in the amount of income tax paid. Pursuant to Ark. Stats. 84-2037, Neely requested a hearing before the Revenue Commissioner for the purpose of protesting the proposed deficiency. Following a hearing on the matter, the Commissioner notified appellant that the additional assessment of $3,970.98 was correct and proper. Acting pursuant to Ark. Stats. 84-2038, the Neely Company then filed this action in the Sebastian Chancery Court, and the amount in controversy was deposited in the registry of the court.

In the complaint it is alleged that all of the outstanding capital stock of Arko Briquettes, Inc. is owned by the plaintiff, and that the Commissioner was in error in not allowing Neely to deduct from its income, the losses sustained by Arko Briquettes, Inc.

The Complaint further alleges ''that the disallowance of the percentage depletion . . . is invalid and not in accord with the statutes applicable thereto; that the statutes provide for the depletion of oil or mineral deposits at the rate of fifteen percent of gross income from the property during the income year where the mineral deposit has been discovered through exploitation by the owners or lessees; plaintiff alleges that it is entitled to said depletion allowance on the coal and gypsum mined by it or from its leases, and that the Commissioner's action in disallowing same is arbitrary, capricious and invalid.''

The Revenue Commissioner filed a Demurrer to the Complaint alleging: "The Complaint of the plaintiff does not state facts sufficient to constitute a cause of action."

The trial court overruled the Demurrer; the Commissioner refused to plead further, but stood on the Demurrer. Thereupon, the Chancellor entered a decree for the plaintiff, Neely. The Commissioner has appealed.

The only issue properly before this Court is whether the Complaint states a cause of action that is good against a general Demurrer.

Assuming that the Complaint shows on its face that the appellee, Neely Company, improperly deducted from its income, losses sustained by its subsidiary, Arko Briquettes, Inc., there is the further allegation that the Revenue Commissioner was in error in failing to allow the appellee specified credits for depletion as provided by statute. This allegation states a cause of action. The rule is firmly established that where a general demurrer is filed to a complaint as a whole, if any count of the pleading is good and states a cause of action, the demurrer should be overruled. *Spicer* v. *Spicer*, 227 Ark. 258, 297 S. W. 2d 931, *Mortensen* v. *Ballard*, 209 Ark. 1, 188 S. W. 2d 749. It has been said "that a bad part in a pleading does not make the whole bad, but a good part makes the whole good enough to withstand a general demurrer". 41 Am. Jur. 452.

But appellant contends that the demurrer should have been sustained because the complaint fails to show that in claiming credit for depletions, appellee complied with the rules and regulations promulgated by the Commissioner under authority of Ark. Stats. 84-2041. Appellant argues that Art. 170 of Regulation No. 10, adopted by the Commissioner, provides that in order for a taxpayer to be entitled to depletion he must file with the Commissioner an affidavit setting forth the method by which the mine was acquired, the date it was acquired, and a chart of the number of mines located in the immediate vicinity of the mine upon which he makes, or

is making, a claim of discovery depletion, at the time this mine was opened, with approximate distances shown therein.

Although the Commissioner may have adopted a valid rule requiring a taxpayer to furnish certain information in claiming specified deductions and may successfully defend an action because of the failure to supply such information, the complaint is not fatally defective — because of the failure to specifically state that the taxpayer has complied with such rules. The complaint is perfectly clear as to what deductions the taxpayer is claiming. If one of the defenses to the action is that the plaintiff has not complied with the rules made by the Commissioner for claiming such deductions, the question of whether the rules have been complied with is a question of fact; such defense should have been raised by an answer to that effect. "A demurrer raises questions of law as to the sufficiency of a pleading, apparent on the face of the pleadings. It does not present issues of fact, which must be raised by proper plea or answer." 41 Am. Jur. 452.

In testing the sufficiency of a pleading by a general demurrer, every reasonable intendment should be indulged to support the pleading, and if the facts stated in the pleading, together with every reasonable inference therefrom constitutes a cause of action, the demurrer should be overruled. *Dodson* v. *Abercrombie,* 212 Ark. 918, 208 S. W. 2d 433; *U. S. Fidelity & Guaranty Co.* v. *Moore,* 233 Ark. 703, 346 S. W. 2d 524; *Sharp* v. *Drainage Dist. No. 7 of Poinsett Co.,* 164 Ark. 306, 261 S. W. 923.

Affirmed.