MOORE v. U. S. F. & G. Co.

5-2952                                        367 S. W. 2d 438

Opinion delivered May 13, 1963.

*Yingling, Henry & Boyett,* for appellant.

*Pollard & Hastings,* for appellee.

SAM ROBINSON, Associate Justice. The issue in this case is who shall suffer the financial loss caused by the confiscation of an automobile by the government — the owner of the car or the insurance company who had issued a policy covering the loss of the car.

The case was originally filed by appellee, United States Fidelity & Guaranty Company, against the appellant, Mary Ellen Moore, alleging that she had purchased the automobile in question and as a part of the consideration had executed her title retaining note in the sum of $1,042.80; that the Searcy Bank had been a holder in due course of the note; that the insurance company

had issued a liability and physical damage policy on the car; that the policy provides, in effect, that the bank would be entitled to recover on the policy for the loss of the car, notwithstanding such loss may have been due to an unlawful act of the appellant, Mary Ellen Moore.

The complaint alleges that the automobile had been confiscated by the U. S. Government; that the insurance company had paid the bank the balance of $875.36 owed on the note and had been subrogated to the rights of the bank on the note, and prayed judgment against appellant in that amount. Mary Ellen demurred to the complaint; the demurrer was sustained; the insurance company appealed to this court. *U. S. Fidelity & Guaranty Co.* v. *Moore,* 233 Ark. 703, 346 S. W. 2d 524.

In that appeal, appellee Moore contended that the trial court was correct in sustaining the demurrer because the complaint did not allege any act on her part that would preclude her from recovering for the loss of the car under the terms of the policy of insurance. We reversed the judgment, pointing out that "The settled law relative to demurrer is that when the facts stated in a complaint with every reasonable inference deducible therefrom constitute a cause of action, the demurrer should be overruled."

The complaint alleges that "agents of the Alcohol and Tobacco Tax Division of the U. S. Treasury Department confiscated the heretofore described automobile. Pursuant to said confiscation, said Federal Agency legally sold said automobile and retained the proceeds from the sale."

It was felt that this allegation was sufficient against a demurrer; that there was a reasonable inference deducible from the complaint that Mary Ellen was charged with being guilty of using the car in a manner that might preclude her from recovering on the policy of insurance for its loss. We cited several cases as holding that the Federal Courts would not declare a forfeiture unless there was guilty knowledge imputable to the owner of the forfeited property. Actually, the cases cited deal with situations where the owners of forfeited property were attempting to prevail upon the courts to set aside the for-

feiture on authority of U. S. C. A., Title 18, Sec. 3617. The cited cases point out that a forfeiture can not be set aside where there is guilty knowledge on the part of the owner, not that there must be guilty knowledge before there can be a forfeiture. Guilty knowledge is not necessary to a valid forfeiture. *U. S.* v. *One 1942 Plymouth Sedan Automobile,* 89 F. Supp. 884; *U. S.* v. *One Plymouth Coupe,* 88 F. Supp. 93; *Busic* v. *U. S.,* 149 F. 2d 794.

It must be admitted that our opinion in the first appeal is subject to the construction that Mary Ellen could not recover because the automobile had been confiscated by the Federal Government. The trial court, therefore, adopted that construction and held that the order of forfeiture in the Federal Court was *res judicata* of the question of whether Mary Ellen is entitled to recover on the insurance contract for the loss of the car.

The action in Federal Court was against the automobile — an action *in rem. Waterloo Distilling Corp.* v. *U. S.,* 51 Sup. Ct. 282; *Florida Dealers & Growers Bank* v. *U. S.,* 279 F. 2d 673. Mary Ellen was not a party to the proceeding in Federal Court. The doctrine of *res judicata* is therefore not applicable. *Timmons* v. *Brannan,* 225 Ark. 220, 280 S. W. 2d 393; *Thomas* v. *McCullum,* 201 Ark. 320, 144 S. W. 2d 467; *Seaboard Finance Co., et al* v. *Wright, Admx.,* 223 Ark. 351, 266 S. W. 2d 70.

The issue of whether appellant can recover on the policy of insurance has not been decided on its merits. The judgment is therefore reversed and the cause remanded for a new trial.

WARD, J., dissents.