ARKANSAS-LOUISIANA GAS CO. v. MORGAN A. MAXEY, ET UX

4599                                        430 S.W. 2d 866

Opinion delivered September 3, 1968

*Henry & Boyett* for appellant.

*Lightle & Tedder* for appellee.

CARLETON HARRIS, Chief Justice.    This is the second appeal of this case[1].    Arkansas-Louisiana Gas Company condemned approximately twelve acres of land for a pipeline right-of-way 80 feet wide across appellees' farm.    The jury awarded a verdict of $5,770.00[2] for damages, and appellant appeals that award to this court.    For reversal, it is asserted that there is no competent evidence upon which the expert witnesses for appellees could base their evaluations, and it is further asserted that the verdict is excessive.

Elvie Davis, who had lived on the Maxey farm for four years, testified that it was a cattle farm, and about 110 or 115 head of cattle were on the premises.    He said there were many large rocks on the right-of-way after the construction crew left the line, and also rocks on the land adjoining the right-of-way, having been blown out by dynamite, and scattered across the 12-acre meadow where the pipeline crossed.    Davis testified that he broke his mowing machine and tore up a disc, and was only able to sow part of the field; he could not plow the right-of-way, as there were too many rocks.

Mrs. Dorothy Beckman, who had sold real estate for about six years, and who at the time of trial, also operated a cattle farm, testified that she was acquainted with land sales, and familiar with lands in White County.    She described the condition of the right-of-way as follows:

> "It is the biggest mess I ever looked at, you couldn't get any kind of mowing machine in that

---

[1]See **Arkansas-Louisiana Gas Company v. Morgan A. Maxey, et ux,** 242 Ark. 698, 415 S.W. 2d 52.    The trial court erred in permitting appellees to show the value of timber removed from the land taken, this being included in the award for the full value of the land taken, and also erred in permitting certain incompetent testimony.    The case was remanded for another trial.

[2]In the first trial, appellees' damages were fixed at $5,500.00.

hay meadow without ruining it. I don't know how you could reseed it. Where it goes through the woods is nothing but rock on down toward Mr. Baker's place, it looks like a rocky stream bed. There was some bluestem grass down there in the woods and they have blown that all out. I don't know how anybody could grow anything there.''

The witness estimated the value of the farm before the taking at $80,000.00, and she stated that the value after the taking was $72,500.00, basing her opinion upon damage to the twelve and one-half acres right-of-way at $200.00 per acre, and the damage to the land outside the right-of-way, because of rock and debris left on it, at $4,000.00[3]. The estimate of damage included the fact that the land would have to be reseeded, and a dozer obtained to bury the rocks.

C. L. Lewis, who had engaged in cleaning up land for about four years, and who owned his own dozers, testified that the cost of cleaning up and re-seeding the right-of-way and the adjoining premises would be between $4,000.00 and $5,000.00. Admittedly, the witness had never cleaned up any pipeline right-of-way.

T. H. Young, holder of a real estate license, and who had previously worked for a real estate office, testified that the difference in the before and after taking value of the Maxey farm was $7,576.00, and in reaching this figure, he considered the cost of cleaning up the right-of-way, removing rocks and boulders from the land adjoining the right-of-way, and the hauling of top soil.

There was a drastic difference in the estimates of amount of damage given by appellant's witnesses, but we are here only concerned with whether there was substantial evidence to support the verdict of the jury.

Appellant concedes that the court correctly instructed the jury as to the measure of damages (difference

---

[3]The figures she used actually totaled only $6,500.00.

in the market value of the lands before and after the taking), but it is insisted that the witnesses used erroneous methods in reaching their conclusions, and the result (it is argued) is that there is no substantial evidence to support the verdict.   For instance, Mrs. Beckman testified that she did not examine the records of sales in White County for comparable sales, did not use the income approach, and, in reaching her conclusions, gave some consideration to the price the farmers were asking for their lands.   This last, of course, was not admissible, but the trial court told the jury to disregard this particular testimony.   Mrs. Beckman stated that it was not necessary that she look up sales, since she was already familiar with the value of lands in the vicinity.   The proof reflected that she had sold property off and on for about six years, including a number of farms, and she stated that the basis that she primarily used for arriving at the fair market value was what other places were selling for.

Entirely aside from the fact that the jury was told to disregard the portion of her testimony relating to the amount the farmers considered their land to be worth, we have held contrary to appellant's contention.   In *Arkansas State Highway Commission* v. *Russell*, 240 Ark. 21, 398 S.W. 2d 201, this court said:

"It is at once apparent that if we sustain the commission's contention it will hardly be possible in the future for a land owner or an expert witness to give an admissible opinion about the value of property.   In nearly every instance a landowner who has known his land for years, or an expert witness who has acquainted himself with a piece of property, takes into account facts that he knows only by hearsay or that for some other reason would not be admissible as independent evidence upon the examination in chief.   If the witness' candid admission that he has considered such matters destroys his testimony, only a dishonest or an ill-informed wit-

ness can give an admissible opinion about the value of property.

"The overwhelming weight of authority is contrary to the appellant's present contention. It has repeatedly been held that expert or lay testimony is competent even though it is based wholly or partly upon hearsay. [Citing cases.]"

It is urged that the testimony of C. L. Lewis, relative to cleaning up the right-of-way, was inadmissible for the reason that he had never cleaned up a pipeline right-of-way. The witness stated that he had only cleaned up farming lands, but the jury was aware of this fact, and we do not think that the fact that he had not performed this exact job disqualified his testimony. The same is true of the testimony of Young, who had considered, in basing his estimate of damage, what he had been told by other persons relative to the charges for dozer rental. Mr. Young had bought and sold farms for his employer, though his greater experience had been in the residential field. Previous comment as to the testimony of the other witnesses likewise applies to this one. After all, we have held that the qualifications of a witness with respect to knowledge or special experience concerning the matters about which he testifies rests largely in the discretion of the trial court, and such determination will not be disturbed by an appellate court, except in extreme cases where it is manifest that the trial court has fallen into error or abused its discretion. *Arkansas Power and Light Company* v. *Morris,* 221 Ark. 576, 254 S.W. 684.

Appellant's principal argument for reversal is based on the fact that the amount of damages awarded included restoration costs for the strip of land taken for the easement. It is forcefully argued that it is not proper for appellees to receive the fee simple value of the land within the right-of-way, and at the same time, require appellant to restore this land to its original con-

dition. It is admitted that damages to the adjoining lands, not taken, can be properly considered.

Of course, a landowner, although entitled to be paid the full value of the land within the right-of-way easement, still has an absolute right to continue using the surface of the right-of-way for other purposes not inconsistent with the use of the easement. In *Arkansas Power and Light Company* v. *Morris, supra,* we said:

> "There appears to be no dispute as to the applicable rules of law applied by the trial court in these cases. The rule was reaffirmed by this court October 6, 1952, in *Texas Illinois Natural Gas Pipeline Company* v. *Lawhon,* 220 Ark. 932, 251 S.W. 2d 477, where we said: 'Under the law of this State, the owner of land is entitled to be paid the full value of the land embraced within the right-of-way easement, as if the fee had been taken even though the landowner, after the pipeline was constructed, had the right to continue using the surface of the right-of-way for farming or other purposes not inconsistent with the use of the easement. Appellant acquired by the condemnation proceedings the power to make such use of the right-of-way as its future needs required for the purpose for which the right-of-way was condemned. *Baucum* v. *Arkansas Power and Light Company,* 179 Ark. 154, 15 S.W. 2d 399'."

However, in this litigation, it is not necessary that we discuss, or pass upon, this particular point for the reason that appellant is bound under the pleadings to restore the land taken, as far as possible, to its original condition.

The complaint filed by appellant asserts, *inter alia,* that after the pipeline has been laid "any and all ditches opened by plaintiff will be back-filled and leveled in such a manner that said real estate will be left in substantially the same condition as when entered upon by

plaintiff. That all fences of defendants which may be cut in the construction of said pipeline will be repaired by plaintiff at its own cost and expense and restored to their present condition.[*] That ruts and holes caused by the construction of said pipeline shall be filled and the ground placed as nearly as possible in its original condition.''

It is apparent from the pictures offered in evidence, and the testimony presented, that the right-of-way is not in substantially the same condition as before the taking, and, of course, a party litigant is bound by its pleadings. *Harger* v. *Oklahoma Gas and Electric Company,* 195 Ark. 107, 111 S.W. 2d 485.

Appellant also contends that the award is excessive. It is true that it is rather liberal, though it was approximately $2,000.00 less than the estimate of damage given by two of the appellees' witnesses.

The jury was in a better position than this court to determine the proper amount to be awarded, and actually, any reduction that we would make would have to be based on pure guesswork. We are unable to say that the verdict was excessive.

Affirmed.

FOGLEMAN, J., disqualified and not participating.