C. C. DAVIS, JR. ET UX v. ARKANSAS LOUISIANA GAS CO.

5-5273                                                    454 S. W. 2d 331

Opinion delivered June 1, 1970

*Dale Bumpers* and *Buddy Hixson,* for appellants.

*Williams & Gardner,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal from a judgment dismissing appellants' complaint as amended is based upon the assertion that the circuit court erroneously sustained appellee's demurrer thereto. The demurrer was general, stating merely that the complaint and the amendment thereto failed to state facts sufficient to constitute a cause of action. Obviously, it is not a speaking demurrer as argued by appellants, who also argue that their pleadings do state a cause of action.

The complaint as amended contained allegations that, during construction of a pipeline on a right-of-way across appellants' pasturelands condemned for that purpose, appellee's agents and employees carelessly and negligently cut fences and left gates open, allowing appellants' registered cattle to stray from the pasture and mix with grade cattle of adjoining owners so that it became necessary for appellants to remove their cattle

to a meadow owned by them. They alleged that loss of the grazing of the 100-acre pasture and 5,000 bales of hay from their meadow resulted. Appellants also alleged that their registered bull was rendered unfit for breeding purposes as a result of either his fall into a ditch on appellee's right-of-way, carelessly and negligently left unprotected by appellee's employees, or carelessness and negligence of appellee's employees in subsequently removing him from the ditch, or both the fall and the removal.

In testing the sufficiency of a pleading by general demurrer, every reasonable intendment is indulged to support the pleading, and if the facts stated in the pleading, together with every reasonable inference deducible therefrom, constitute a cause of action, the demurrer should be overruled. *Donham, Commissioner* v. *Neely Company,* 235 Ark. 710, 361 S. W. 2d 650; *Farmers Cooperative Assn., Inc.* v. *Phillips,* 241 Ark. 28, 405 S. W. 2d 939. When we view appellants' pleadings in this case we cannot agree with the circuit judge's holding that no cause of action was stated. We do not agree with the appellee's argument that it was under no duty to take any measures for the protection of appellants' animals, so long as it did nothing to entice or lure them into the ditch. Nor do we agree that the action of appellants in removing their cattle to the meadow can be said to be such an intervening cause that any negligence in cutting the fences and leaving the gates open could be held as a matter of law to be a remote, rather than a proximate, cause of appellants' loss of hay.

It has always been recognized in this state that a landowner from whose lands a right-of-way easement has been taken has the right to continue using the surface of the right-of-way for farming or other purposes not inconsistent with the use of the easement after the improvement is constructed. *Ark.-La. Gas Co.* v. *Maxey,* 245 Ark. 15, 430 S. W. 2d 866. We have said that a condemnor is granted exclusive possession of the condemned property only to the extent necessary for

the erection, operation and maintenance of the improvement for which the easement is taken or granted, and that the landowner has the right of possession subordinate to the paramount possession of the condemnor, with the corresponding right to exercise any and all rights of ownership except such as are inconsistent with the easement. *Patterson Orchard Co. v. Southwest Arkansas Utilities Corp.*, 179 Ark. 1029, 18 S. W. 2d 1028, 65 A. L. R. 1446.[1] As a corollary to the recognized principle hereinabove stated, it is said that the rights of the parties are reciprocal and the respective owners must use the way in a manner that will not interfere with the other's right to utilization and enjoyment thereof. *Lindsey v. Shaw*, 210 Miss. 333, 49 So. 2d 580 (1950); *Denton v. Buffalo Pipe Line Corporation*, 39 N. Y. S. 2d 83 (Sup. Ct. 1939). Many years ago, we recognized that destruction of a landowner's crops by a railroad during construction constitutes a tort independent of the taking of the right-of-way. *Springfield and Memphis Railway Company v. Henry*, 44 Ark. 360.

In an Arkansas diversity case, the Eighth Circuit Court of Appeals has sustained a recovery of damages from a contractor for cattle lost when they escaped from a pasture by reason of the cutting of, and failure to restore, pasture fences at places where they crossed a right-of-way acquired by an electric cooperative for the purpose of constructing, operating and maintaining an electric transmission line. The contractor was then clearing the right-of-way preparatory to construction of the line for the cooperative. *Kincade v. Mikles*, 144 F. 2d 784 (1944). Of course, even though the utility company was alleged to have been doing the work itself in the case before us, the liability for negligent acts or omissions in this regard would not be different.

Other jurisdictions, including those whose decisions were cited above, have applied these principles to allow recovery of damages to landowners or their property

---

[1] As indicated by the cases heretofore cited, appellee's right-of-way is an easement only.

from the owner of an easement for utility purposes, based upon violation of the duty of the easement owner to the landowner. It is generally recognized in such cases that the duty is imposed upon the holder of the dominant estate to so use the property that injury or damage to the owner of the servient estate will not result from customary use, maintenance or repairs of the dominant estate. *Cities Service Gas Co.* v. *Christian,* 316 P. 2d 1113 (Okla. 1957). This requires use of the easement in such a way as to impose as slight a burden as possible on the servient tenant. *Baker* v. *Pierce,* 100 Cal. App. 2d 224, 223 P. 2d 286 (1950).

It has also been held that it would be reasonable to expect, under circumstances similar to those existing here that, whenever a fence is breached, the easement holder would replace the wires on the posts to preserve the enclosure. *M & M Pipeline Company* v. *Menke,* 45 S. W. 2d 344 (Tex. Civ. App. 1931). In the case just cited the situation was analogized to the requirement that the owner of a right of passage over another's land close gates used for ingress and egress.

Damages to the lessee of pastureland resulting from a ditch being left open were held recoverable because of the duty imposed by law upon the holder of an easement for installation and maintenance of a pipeline, upon entering the pasture, to use ordinary care in his operations to maintain the premises in such condition as not to cause injury. *J. M. Huber Petroleum Co.* v. *Yake,* 121 S. W. 2d 670 (Tex. Civ. App. 1938).

Whether appellee acted negligently in cutting the fences and leaving gates open or in leaving an open ditch unprotected may well depend upon the reasonableness or necessity for its doing so in order to construct the line. See *Patterson Orchard Co.* v. *Southwest Arkansas Utilities Corp.,* 179 Ark. 1029, 18 S. W. 2d 1028, 65 A. L. R. 1446; *Transcontinental Pipe Line Corp.* v. *Hill,* 55 So. 2d 170 (Miss. 1951); *Shell Pipe Line Corp.* v. *Coston,* 35 S. W. 2d 1056 (Tex. Civ. App. 1931); *J. M. Huber Petroleum Co.* v. *Yake, supra;*

*Denton* v. *Buffalo Pipe Line Corporation,* 39 N. Y. S. 2d 83 (1939).[2] In most cases, this will be a question of fact to be resolved by a jury upon pertinent evidence, as would be the reasonableness of measures taken to avoid injury or damage to an owner or his property, crops or livestock. See, *e. g., Wall* v. *Rudolph,* 198 Cal. App. 2d 684, 18 Cal. Rep. 123 (1961). Cases from other jurisdictions, in which recovery for loss or damage because of escape of cattle through breaches of pasture fences, or because of injuries to cattle through negligence in operations of the easement holder was sustained, include *M & M Pipe Line Co.* v. *Menke, supra; Estey* v. *Susquehanna Pipeline Co.,* 199 Misc. 290, 98 N. Y. S. 2d 560 (1950); *Cities Service Gas Co.* v. *Christian, supra.* Unless we can say that the complaint is so defective that, taking all facts alleged as admitted, they state no cause of action whatever, we must conclude that the demurrer should have been overruled. *United States Fidelity & Guaranty Co.* v. *Moore,* 233 Ark. 703, 346 S. W. 2d 524; *Donham* v. *Neely Co.* 235 Ark. 710, 361 S. W. 2d 650. We cannot say that appellants' pleading is that defective.

We are limited to the narrow question whether appellants' allegations state any cause of action and do not have before us any question pertaining to burden of proof or measure of appellants' damages which a jury may find to have been proximately caused by acts of appellee. In view of the authorities herein cited, we do not agree with arguments of appellee that appellants have stated conclusions only, particularly as to cutting fences, leaving gates open and leaving an open ditch unprotected. The allegations as to negligence in removal of the bull from the ditch may be subject to that objection. There is no statement of· any act or omission on the part of appellee in removing the bull which resulted in the disaster to him. It may well be that a further motion to require the complaint to be made

---

[2]While some of the cases cited involve easements obtained by grant rather than by condemnation, it appears that the terms of the grants were such that the reciprocal rights and duties of the parties were the same as they would be if the right-of-way had been obtained through eminent domain.

more definite and certain in this and other particulars is appropriate. Furthermore, such questions as the existence of intervening causes, contributory negligence and failure of appellants in any duty they may have had to minimize their damages, are matters to be asserted in defense, and are not considered here.

The judgment is reversed and the cause remanded with instructions to overrule appellee's demurrer.

CONLEY BYRD, Justice, concurring. I concur in the reversal of the trial court's order sustaining the demurrer, but disagree with so much of the opinion as suggests that the allegations as to removal of the bull from the ditch states only conclusions. As I read the complaint it alleges that they owned a bull, valuable for breeding purposes, that the defendant left an unprotected ditch into which the bull fell and that the defendants carelessly and negligently removed the bull from the ditch in such manner as to render the bull unfit for breeding purposes. A man should surely be able to remove a bull from a ditch without rendering the bull unfit for breeding purposes. Also common knowledge obtained from "the birds and the bees" should impart some knowledge to the defendant as to what renders a "bull unfit for breeding purposes." Enough so I would think that such an allegation in a complaint would not be demurrable and without requiring the owner to adopt the vernacular of the cow pasture in a formal complaint.