# REPORTS. OF CASES

DETERMINED IN THE

# SUPREME COURT,

## DECEMBER TERM, 1873.

---

## J. I. THOMPSON, APPELLANT, *v.* A. UGLOW, RESPONDENT.

EASEMENT—RIGHT OF ENTRY FOR REPAIRS.—One who has a right to the enjoyment of an easement has a right to enter for the purpose of repairs, as against the owner of the servient estate, whenever the easement cannot be otherwise enjoyed; and he has the right to dig up and use the adjacent soil for the purpose of repairs whenever there is no other mode.

INSTRUCTIONS—ERROR DOES NOT AFFIRMATIVELY APPEAR, WHEN.—Where the record does not disclose whether or not the mode of making repairs depends on the construction of a written instrument, error does not affirmatively appear from a statement in the record that the Court instructed the jury that the defendant was not obliged to bring soil from elsewhere to repair a ditch conveying water over the plaintiff's land.

APPEAL from Polk County.

This is an action for damages alleged to have been caused by the improper use and management of a water-race, leading through the plaintiff's land to the defendant's flouring-mill.

The complaint states that the plaintiff is owner and entitled to the possession of a certain parcel of land, and that the defendant is owner of and in possession of the right of way

to a narrow strip of land through said premises to be used as a mill-race, to run the flouring-mill of the defendant, and charges that the defendant wrongfully failed and neglected to keep his race in good repair, to clean it out and to keep up the banks, and thereby caused the waters of the race to overflow and damage the plaintiff's land. The complaint also contains a count for damages, caused by the defendant's entering upon the lands of the plaintiff adjacent to the defendant's water-race and digging up and removing the turf and soil in repairing the race, the aggregate amount of damages claimed being $1700.

The answer puts in issue all that is charged respecting the acts and negligence of the defendant. The cause was tried by a jury, and a verdict having been rendered in favor of the defendant, the plaintiff appeals to this Court and states the following as the grounds of his appeal :

1. The record does not show that the jury was present in Court during the trial on the 24th day of May, 1873.

2. The Court refused to charge " that the defendant had no right to dig the turf, soil and meadows of the plaintiff to the distance of ten or fifteen feet from the race and convey away and use the same in repairing the said race."

3. The Court, after refusing the instruction aforesaid, charged the jury on the same point as follows: "It is not the province of the Court to decide that question as a question of law, but it is for the jury to determine it from the circumstances of the case. The defendant would not be obliged to take soil from his race or bring material from elsewhere to repair a breach in his race, but might take the necessary material for making such repairs from the premises of the plaintiff near the race, doing no unnecessary damage thereby, and going no further from the line of the ditch than is absolutely necessary, and the jury may determine from the circumstances to what distance he may go from the race for such material."

4. The Court refused to charge "that the defendant had no right to use said right of way or race for floating wood or logs, but only for the purpose of carrying water to his flouring-mill."

*J. L. Collins and N. B. Humphrey,* for Appellant.

*Boise & Willis,* for Respondent.

By the Court, Upton, C. J.:

The question principally controverted on the argument is, whether one who is entitled to construct a ditch or water-race and convey water over the lands of another, has the incidental right to use the soil adjacent to the race in making repairs. The brief of the appellant refers to numerous cases touching the obligation to repair and the right to enter for that purpose as between the owners of the dominant and servient estates, but the authorities cited do not directly decide the question here presented. No one of them furnishes a general rule by which to determine the right to use the soil adjacent to the artificial watercourse for the purpose of repairs in cases where the same repairs can be made by other but more expensive means.

It is very clear from the authorities cited, and it is an elementary doctrine, that one who has the right to use has incidentally the right to repair; and it follows that if repairs cannot be made without doing acts that would otherwise be an unlawful encroachment on the lands of the owner of the servient estate, the necessity of making repairs and the right to make them includes the right to occupy and use whatever is indispensable for that purpose; but none of the authorities cited give us a rule for determining, in the absence of express agreement of the parties, whether one who has an easement in the land of another to convey a stream of water over it in a race may dig up the soil near the race for the purpose of repairing the banks, in case the repairs can be made by bringing soil from elsewhere. The appellant lays much stress on the statement made in Washburn on Easements, §§ 196, 254, and in many cases cited in his brief, to the effect that the rocks and the earth extracted in constructing a canal belong to the owner of the soil. He fails to recognize the fact that the soil of which the canal itself is constructed belongs to the owner of the servient estate, and that he who has the dominant estate and the right to repair

and to use a water-race to convey water is entitled only *pro hoc.* One who has such easement in the lands of another has not the ultimate property that will authorize him to carry away the soil or use it for any purpose not connected with the use of the water; hence, the fact that the rocks and the earth excavated are the property of the owner of the soil does not settle the question whether the owner of the dominant estate may take them for the purpose of making repairs.

The right to convey water through or over the lands of another, unless it is a mere license revokable at the will of the owner of the soil, rests in grant; and the terms of the grant, when they can be definitely ascertained, control its extent. The grant may be evidenced by deed, or it may be presumed from long enjoyment. In the one case the terms of the deed, and in the other the mode of enjoyment, must be known to enable a Court to determine who is bound to repair, or to what extent a party is privileged or restricted in the mode of making repairs.

The general rule, that a party who has a right of enjoyment, has also a right to enter and make necessary repairs, is essential to the enjoyment of the thing granted. This right necessarily passes by the grant, otherwise it would be in the power of the grantor to virtually nullify and defeat his own deed, by depriving the grantee of the power to repair and use the thing granted. If the mode of enjoyment, and of making repairs, is specified in the grant, the Court was only to construe the contract; or, if the right has been acquired by prescription, the Court will ascertain, under the ordinary rules of evidence, how the right has been exercised and enjoyed; but cases arise where an easement has been acquired by deed, and the instrument is silent both as to the party bound to make repairs and as to the privileges and duties of the party in making them.

It has been stated, in general terms, that where the deed thus leaves the matter of repairs to be implied, each case must be determined according to its own peculiar, circumstances. The authorities cited establish the following general principles: The owner of the servient estate is not obliged to make repairs unless by virtue of a covenant so to

do, express or implied. The owner of the easement is privileged to repair in all cases where the easement cannot be enjoyed without repairs; and in making them, he may dig up the soil and otherwise use and encumber it, doing no more injury than is necessary when such course is indispensable to the enjoyment of the easement.

When a particular mode of repair is convenient, but not indispensably necessary, no general rule is laid down in the authorities cited.

In the case before us the terms of the deed are not set out, and it does not appear by the pleadings whether or not the rights of the parties in making repairs, are defined by the deed or contract under which the easement is claimed. On this point the complaint alleges that the plaintiff is owner, and in possession of, certain premises, and the defendant " is owner, and in possession of, a right of way to a narrow strip of land through said premises, to be used as a mill-race to run the flouring-mill of the defendant." No objection was taken to the form of the pleading, and the Court construes this to be a statement that the defendant had an easement in the plaintiff's land, to convey a stream of water over it in a race to the plaintiff's mill.

The contract by which the easement was created not being before us, and this Court having no information as to its terms, touching the subject of repairs, cannot decide as a matter of law whether the defendant had a right to dig up the soil; neither can it be ascertained from the facts alleged or the evidence disclosed by the transcript, whether these repairs could have been made without digging up the soil.

The Court instructed the jury that the defendant would not be obliged to take soil from his race or bring material from elsewhere to repair a breach in the race. Under certain conditions of the pleadings and evidence, the point involved in this instruction would include a question of fact which should be submitted to the jury, but if the right depended on the construction of a deed or other writing, it was a matter to be passed upon by the Court. As it does not appear by the record whether the contract under which the easement was acquired was in evidence, we cannot say

that the instruction was improper.  The Court properly re-
fused to instruct that the defendant had no right to dig the
turf to the distance of ten or fifteen feet from the race.  If
there was a material question as to whether ten or fifteen
feet was a reasonable distance, it was a question for the
jury.

The plaintiff requested the Court to instruct "that the
defendant had no right to use the ditch for floating wood
and logs."  This the Court refused to give, and charged
that "if by reason of floating wood or logs the race became
stopped up and thereby was caused to overflow and damage
the plaintiff the defendant would be responsible for dam-
ages."

It is not shown, by the transcript, whether or not the de-
fendant had the right to float wood and logs in the ditch,·
and no issue is made by the plaintiff on this point.  Evi-
dence that the ditch was used for that purpose appears to
have been admissible, as tending to show that the overflow
was caused by a negligent or improper mode of using the
ditch, but unless the overflow resulted from that use the
question whether the defendant was entitled to so use the
ditch was an abstract proposition, not material to the de-
cision of the cause, and upon which it ·was not the duty of
the Court to instruct.  Using the ditch for that purpose
was not made a ground for general or special damages, and
it would have tended to mislead the jury to give an instruc-
tion from which it might be inferred that the defendant was
entitled to even nominal damages for that cause alone.

There is nothing in the point first stated "that the record
does not show that the jury was present during the trial on
the 24th of May."  The record shows that the jury was reg-
ularly impaneled and sworn on the 23d of May; that the
trial continued to the 24th, and that on the latter day the
verdict was returned in Court.  Every presumption is in
favor of regularity after jurisdiction is acquired.

The judgment should be affirmed.