**TEXAS–NEW MEXICO PIPE LINE COMPANY, Appellant,**

v.

**Sam H. McINTYRE, Appellee.**

No. 5945.

Court of Civil Appeals of Texas.

El Paso.

June 26, 1968.

Rehearing Denied July 31, 1968.

Johnson & Dionne and Hart Johnson, Ft. Stockton, for appellant.

Stubbeman, McRae, Sealy & Laughlin and Rush H. Moody, Jr., Midland, for appellee.

OPINION

CLAYTON, Justice.

This is a suit for damages for injury to and loss of cattle. Plaintiff, appellee here, was the owner of some Black Angus cattle which were grazing on a tract of pasture land used and operated by plaintiff in Pecos County, Texas, where this suit was brought. Running across this pasture was a crude oil pipeline owned and operated by defendant, appellant here, and connected to a tank battery belonging to Trice Production Company, from whom appellant purchased crude oil and transported it from the connecting line into its main pipeline. Appellee alleges that early on the morning of February 18, 1966 appellant's employees learned of a leak in the connecting pipeline at a point where appellant had removed a pump, but such employees did not stop the leak until February 26, 1966, by which time a quantity of crude oil had spread out and formed pools or "spots" on the ground. Some of the cattle drank the crude oil, which appellee claimed appellant knew they might, and such cattle became ill and depreciated in market value, and one died. Appellee claimed damages of $4,626.40.

The case was tried to a jury on special issues. The jury found on Special Issues 1 and 2 that some of the cattle drank oil and suffered physical injury therefrom; Special Issues 6 and 7, that appellant failed to adequately cover the oil that escaped, but that this was not negligence; Special Issues 9, 10 and 11, that appellant failed to notify appellee of the leak in its pipeline within a reasonable time after it had discovered the leak, that this was negligence, and a proximate cause of the injury to appellee's cattle; Special Issues Nos. 12 and 13, that the cash market value of the cattle before they drank the oil was $3,625.00, and $910.44 after; Special Issue No. 15, appellee spent $175.00 on special feed for the sick cattle. On this verdict, the trial court entered judgment for appellee in the amount of $2,889.56, from which judgment appellant brought this appeal.

Appellant presents eight points of error stating that the trial court erred in entering judgment: (1) holding appellant to a legal duty to give notification of a pipeline leak to a surface owner upon whose land such leak occurred; (2) that failure to give such notification was negligence; (3) that such was a basis for liability for damages although there was no evidence, and no jury finding, that such leak was through negligent construction, maintenance and operation of the pipeline; (4) that the record establishes, and the jury expressly finds, that the construction and maintenance of the pipeline was not negligent, and after such non-negligent leak occurred, appellant made prompt and adequate repairs; (5) that appellant was liable for injuries to cattle when there is no evidence, or jury finding, that such injury was proximately caused by any actionable negligence of appellant; (6) that the jury finding that appellant's failure to notify appellee of such leak was a proximate cause of such injury, was based on no evidence and so contrary to the evidence as to be without legally sufficient support in the evidence; (7) that there was no evidence that the cattle would have suffered injury but for the failure to give notification; (8) that such failure proximately caused injury when, as a matter of law, there was no evidence of a causal relationship between the claimed negligence and the claimed injuries.

All points of error are discussed together in appellant's brief and will be here. The oil leak was not noticed by an employee of Trice Production Company, J. B. Dever (Deaver), when he was on the site on the evening of February 17, 1966, but he did discover it the next morning. He immediately notified V. M. Schoonover, a mechanic for appellant company, who went to the site of the leak and reported it to the Crane office of the company, and later made a written report to the general manager of the company. Schoonover stated that he found four pools of oil at the leak and ten cows and one bull in the vicinity. He stated he drove the cattle away from the oil, and he and two other employees threw dirt on the oil, indicating their appreciation of the fact that the oil constituted a danger to the cattle. They then repaired the leak. Schoonover did not notice any signs on the cattle showing they had been in the oil.

Neither Schoonover nor any other employee of appellant notified the surface owner, McIntyre (the appellee), of the leak, and he first received notice on the evening of February 25, 1966, from Dever, the Trice Production Company man, who also told him of the dead cow. They went to the site and saw where oil was bubbling up through the ground and a hole that had been dug around the leak, with cattle tracks all around it, but no cattle. On the following day McIntyre went back to the site and took a picture of the oil spot, which measured 85 yards long and 45 yards wide. McIntyre gathered his cattle about nine o'clock that morning into another pasture and noticed the cattle had signs of having been in the oil, so he put them on soft feed, on which some of them improved.

There is adequate evidence in support of the jury's finding on Special Issues 1 and 2 and the finding in Special Issue 6 that appellant had failed to adequately cover the oil, but the jury found this did not constitute negligence. Furthermore, we feel that the jury justifiably found in answer to Special Issues 9, 10 and 11 that appellant failed to notify appellee of the leak in its pipeline within a reasonable time after it had discovered the leak, that this *was* negligence under the circumstances, and a proximate cause of the injury to the cattle, which resulted in a loss to appellee of the amounts found in the verdict. There was no evidence that the cattle affected could have ingested crude oil from any other source, and if appellee had received immediate notification of the leak and moved the cattle out of the pasture where the leak occurred sooner, the opportunity to drink the oil probably would not have been present. There seems to be no question

but that appellant's employees knew of the danger to livestock of the crude oil, and the knowledge that drinking it would be harmful.

Mr. Schoonover, appellant's employee and witness, testified:

"Q Just a minute. Let me ask you another question. When you were doing that, why were you keeping the cattle away from there?

A So they wouldn't get in the oil.

Q You knew that cattle would drink oil when they had a chance, did you?

A Yeah.

Q And it sometimes kills them or makes them sick and that it is dangerous and that is one of your company regulations?

A That is the policy that we all follow, to keep them away from it.

Q Everybody that ever worked for Texas-New Mexico Pipe Line out there knows about that?

A Uh huh."

At this time the witness reported that he noticed "there were four pools of oil in an area approximately 20' by 150' totaling an estimated 10 barrels of oil. * * * L. L. Roberson and Joe D. Ash came out and we repaired the leak at which time I returned to the Cotton Pump and resumed my work. Mr. Roberson and Mr. Ash finished covering the oil." But Deaver, the Trice man, testified that on February 18, 1966 he again saw the premises, and:

"Q When did you next see it after you first saw it?

A I came back around that afternoon about 5:00 o'clock.

Q What evidence did you see that afternoon that anyone had covered up any part of that oil?

A Not any.

Q None whatsoever. Did you see any shovel marks around there?

A No.

Q Did you see any fresh dirt piled up any place in that oil?

A No, sir. I didn't."

We must come to the conclusion that the failure to notify McIntyre of the leak within a reasonable time after it was discovered was negligence and a proximate cause of the injuries to the cattle. After full examination, we overrule all appellant's points of error and affirm the judgment of the trial court.