Argued September 10, affirmed as modified December 31, 1973,
petition for rehearing denied by opinion February 14, 1974

JEWELL ET UX, *Appellants, v.* KROO ET UX,
*Respondents.*

517 P2d 657
518 P2d 1305

*Howard R. Hedrick,* Portland, argued the cause for appellants. With him on the briefs were Hedrick, Fellows & McCarthy, P. C., Portland.

*George H. Layman,* Newberg, argued the cause for respondents. With him on the brief was Allyn E. Brown, Newberg.

HOLMAN, J.

Plaintiffs, two married couples who are adjoining landowners, sought an injunction and damages because defendants came onto the property of the plaintiffs Jewell and destroyed a rock and earthen dam which was used as a source of irrigation water for the plaintiffs Mitzkowski. Defendants cross complained, seeking to have a water easement for their benefit declared valid and to have plaintiffs enjoined from interfering with the completion of a concrete dam which defendants were building to replace the rock and earthen dam on the Jewells' property. Only the plaintiffs Jewell appealed from a decree for defendants.

The Jewells owned a tract of land upon which

there was a spring that furnished irrigation water to a lawn and garden surrounding a residence thereon. One of the Jewells' predecessors in interest had granted to one of defendants' predecessors in interest the right to use on an adjacent piece of property up to 500 gallons of water a day from the spring to be secured through a ¾ inch pipeline. The Jewells sold that portion of their property upon which the residence, lawn, and garden existed to the Mitzkowskis and retained that portion which had the spring upon it. The extent of the Mitzkowskis' right to the use of the water is not clear from the deed to them from the Jewells, but they continued to use the water as the Jewells had used it. The spring was in a ravine approximately 30 to 35 feet from the border of the defendants' property and was the headwater for a small stream which ran through a defined channel. For years the ravine had been blocked by a rock and earthen dam about three feet high which retained the spring water. A pipeline ran from the pond thus created to the Mitzkowskis' house and garden.

The defendants, through their attorney, contacted the Jewells in an effort to arrange improvement of the dam but were told that the Jewells would prefer that it be left alone. The defendants' purpose in seeking improvement of the dam was exercise of their water right which had not theretofore been undertaken.

After rejection, defendants bulldozed a rough roadway through some brush from their property line to the spring, tore out the old dam and in its place built a concrete one which was about a foot higher. They installed a pipe from the dam to their premises. After this was done but before the earth was compacted at the ends of the dam and backfilled against its rear,

defendants were ordered by the Jewells to get off their property and this litigation resulted. .

The principal issue concerns the right of defendants to exercise the degree of self-help in which they indulged. The Jewells contend that the original dam was adequate to serve both premises and that defendants had no right to enter upon the Jewells' property and to build a road to the dam or to replace the dam without their consent. They further contend that the flow of water to the garden and lawn was reduced by the new dam. On the other hand, defendants contend that the amount of water retained by the old dam was wholly inadequate to serve both premises and that if defendants are allowed to complete the dam, the Mitzkowskis' use will not be impaired.

■■ The owner of the dominant estate may enter on the servient estate for the purpose of doing anything reasonably necessary to the proper exercise of his easement. 3 Tiffany, Real Property 346-51, § 810 (3d ed 1939); *Thompson v. Uglow,* 4 Or 369 (1873). Whether the acts of the defendants were reasonably necessary to the exercise of their easement or whether their self-help exceeded these bounds is a question of fact which is dependent upon the circumstances.

The evidence concerning these circumstances is conflicting and the trial judge who inspected the premises and who observed the parties while they testified is in a much better position than is this court to resolve such conflict. Although we try the case anew, the determination of the trial judge is afforded weight. *Evans v. Korman,* 264 Or 145, 148, 504 P2d 110, 111 (1972). The evidence does not cause us to believe that the Jewells' land was materially damaged by the construction of a road through 35 feet of brush or that the

substitution of a larger, concrete dam for a smaller, rock and earthen one was injurious to the Mitzkowskis' water supply or poses an undue burden on the Jewells' land.

We realize that, despite what we have just said, defendants had no right to take the action they did unless it was necessary to the exercise of their easement. Under the present circumstances, we do not propose to overrule the trial judge's decision in this respect when the evidence of the necessity is conflicting. We find that the demands made upon the water required a larger reservoir and that the physical changes wrought on the Jewells' property were consistent with and necessary for the satisfaction of such demands, though greater notice of defendants' entry and intentions would have been desirable and courteous.

■ The Jewells next contend defendants had no right to the use of the water because it belongs to the public in accordance with the provisions of ORS 537.110 and they had never been granted permission by the State to appropriate or impound it or to alter the impoundment as required by ORS 537.130. It is urged that it is against public policy to allow defendants to exercise the right to which they lay claim because such exercise would be contrary to law.

The exercise of such a right is not unlawful as between the original grantors of the right and their grantees or as between their respective successors in interest. Substantially the same issue was raised in *Fitzstephens v. Watson et al,* 218 Or 185, 344 P2d 221 (1959). That case held that in the absence of prior appropriation in conformance with the statutory scheme (which appropriation did not exist in this case) (1) the common law doctrine of riparian rights applies

(218 Or 197-98); (2) such rights are transferable by the riparian owners; and (3) if so transferred, the transfer acts as an estoppel against the grantor and his successors, even if such grantor or his successors subsequently appropriate the water in conformance with the statutory scheme (which is not the case here).

■ There is an issue as to whether the defendants' easement is superior or inferior to the original grantor's retained right to use of the water of the spring, which right is now being exercised by the Mitzkowskis. We will assume, but not decide, that the Jewells have an interest in the right to the use of the water of the spring in addition to the right transferred by them to the Mitzkowskis, who did not appeal, which interest entitles them to raise this issue upon appeal. The trial court decreed that the defendants' right was superior. The original grant by the Jewells' predecessors to the defendants' predecessors was as follows:

> "*Notwithstanding* Grantor's prior and superior right to the use of the water of said spring for irrigation and domestic purposes, including the operation of a prune drier, *which rights are hereby reserved to himself,* Grantor, his heirs and assigns, will not object to the diversion by Grantees, their heirs and assigns, of the quantity of water from said spring required for domestic use by Grantees and not to exceed Five Hundred (500) gallons a day." (Emphasis added.)

Obviously, the grant is ambiguous. The first word of the grant, "Notwithstanding," is inconsistent with the words "which rights are hereby reserved to himself." If the grantor's intention was to retain the prior right to the use of the water, the words "subject to" would normally have been used in place of "Notwithstanding." Nevertheless, when read as a whole, it is our impres-

sion that the grantor intended to reserve a prior right to the use of the water for the enumerated purposes and that this is the more reasonable interpretation of the ambiguous language. We hold that the trial court erred in ruling that defendants' right to 500 gallons a day was a prior charge upon the water of the spring.

The decree of the trial court is affirmed as modified.

**ON PETITION FOR REHEARING**

George H. Layman and Allyn E. Brown, Newberg, for the petition.

No appearance contra.

HOLMAN, J.

Defendants filed a petition for rehearing, inviting us to change that part of our opinion which determined water right priorities. We decline the invitation.

Defendants also call to our attention that the 70 days originally decreed by the trial court to complete the dam have long since passed because of plaintiffs' appeal. No additional time was set by our opinion to allow completion by defendants. Any evidence in the record concerning the time necessary for completion would not now be applicable because of the difference in the time of the year and the resultant water flow. In the absence of the parties' being able to agree upon it, we direct the trial court, after the taking of testimony, to set a period for completion of the dam by defendants.

The petition for rehearing is denied.