Argued and submitted March 4, affirmed October 30, 1985

# MORTGAGE MINT CORPORATION,
## *Respondent,*

*v.*

# MORGAN et al,
## *Appellants.*

(40582; CA A31605)

708 P2d 1177

Clayton C. Patrick, Salem, argued the cause and filed the briefs for appellants.

Thomas E. Elliott, Corvallis, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants appeal from a judgment of foreclosure of a trust deed securing plaintiff's loan to them. They assert that the court erred when it held that they waived their right to rescind the loan under the Truth in Lending Act, 15 USC § 1601 *et seq* (TILA), and when it granted plaintiff attorney fees. We affirm.

Defendants applied to plaintiff for a loan. It was to be used primarily to consolidate their personal debts and was secured by a trust deed on their residence and farm. The parties expected the transaction to close on April 23, 1981. On April 28, 1981, defendants executed a "Notice of Non-Rescission" under TILA that stated that the three-day waiting period had expired and that they elected not to rescind. The loan, however, did not close until May 1, 1981. The trial court found that the loan was subject to TILA and that all the loan documents except the Notice of Non-Rescission complied with that act. Defendants do not challenge these findings.

As part of the closing, defendants signed a waiver, dated May 1, 1981, of their TILA rescission rights, which provided:

"Mortgage Mint Corp.

"We request immediate dispursal [sic] of funds due to a real, immediate and personal financial emergency.

"We are committed to a first mortgage payment prior to the three days waiting period. We also need the funds for immediate medical attention for our daughter."

Defendants defaulted, and plaintiff filed this action to foreclose.

Defendants then filed a Chapter 13 proceeding in the United States Bankruptcy Court. That court denied defendants' application for removal of the foreclosure action and, on plaintiff's motion, lifted the automatic stay of the circuit court foreclosure proceeding. Subsequently, defendants delivered to plaintiff a Notice of Rescission dated February 14, 1983, and added a third counterclaim to their answer in circuit court that alleged that plaintiff had violated TILA in making the loan and demanded rescission of the note and deed of trust and statutory damages and attorney fees.

The court granted plaintiff summary judgment on its claim and against all of defendants' affirmative defenses and counterclaims except their third counterclaim. After a trial on that counterclaim, the court found that, although the Notice of Non-Rescission violated TILA, defendants had waived their rescission rights under TILA and were also estopped from rescinding for lack of "clean hands." It awarded plaintiff attorney fees that included amounts for services of its attorney in defending against the TILA counterclaim and in the Bankruptcy Court.[1]

■ The Notice of Non-Rescission of April 28, 1981, was invalid and, unless defendants waived their rescission rights under TILA or otherwise were barred from raising them, they could rescind the loan by their February 14, 1983, Notice of Rescission. Regulation Z, 12 CFR Part 226 (1985). The parties agree that our review is *de novo. See* ORS 19.125(3). Nevertheless, the factual determinations of the trial judge are afforded weight, *Jewell v. Kroo,* 268 Or 103, 106, 517 P2d 657, 518 P2d 1305 (1974), particularly when, as in this case, the evidence is conflicting and the credibility of the witnesses is crucial. *Haines Com'l Equip. Co. v. Butler,* 268 Or 660, 664, 522 P2d 472 (1974).

Defendants' first assignment of error is without merit. The trial court did not err when it found that defendants waived their rescission rights under TILA.[2] There was conflicting evidence at trial as to the circumstances of the execution of the waiver. We find, as did the court, that plaintiff's loan officer did not first raise the subject of waiver, nor did she assist defendants in determining whether or not they faced a genuine personal emergency. The facts are that at the time of closing defendants became upset when they learned that the loan proceeds could not be disbursed for three days. They asked plaintiff's loan officer if the funds could be disbursed immediately. To accommodate defendants, the

---

[1] The loan documents provide that, if they are placed in the hands of an attorney for collection, defendants will pay plaintiff's reasonable collection costs and that, if suit or action were to be filed, the prevailing party would pay reasonable attorney fees and court costs.

[2] Because we affirm the trial court's decision upholding the waiver, we need not reach the issue whether the court was also correct that defendants were barred from rescinding because of unclean hands or estoppel.

officer asked plaintiff's counsel if there was any way to disburse the money immediately. On counsel's advice, the officer instructed defendants that plaintiff could release the funds immediately if defendants wrote in their own handwriting a statement describing the personal emergency requiring immediate disbursement and waiving their right of rescission. Defendants then prepared the waiver form.

■■ Defendants now challenge the validity of the waiver. They argue that under TILA a lender has an independent duty to investigate the facts that underlie a debtor's waiver of his rescission rights. Defendants rely on *Ljepava v. M.L.S.C. Properties, Inc.,* 511 F2d 935 (9th Cir 1975), in which the court held a waiver of rescission rights invalid. In that case, however, the debtors each had only an eighth-grade education, they were not represented by counsel, and the creditor dictated the language of the waiver and knew that the reasons given for it were false. There was also overwhelming evidence of creditor overreaching. Here, however, defendants were experienced borrowers and, at their own initiative and in the absence of any evidence of creditor overreaching, executed an emergency waiver of rescission in their own words for facially plausible reasons which they, but not plaintiff, knew were false. TILA does not require the lender, under these circumstances, to investigate to determine if the reasons are genuine.[3]

■■ Defendants' second assignment is that the court erred in awarding plaintiff attorney fees which included services of plaintiff's attorney in defense against the TILA counterclaim *and* in United States Bankruptcy Court. Defendants argue that, although TILA provides that successful plaintiffs under the Act may recover attorney fees, 15 USC § 1640(a)(3), it does not provide for attorney fees for the defense against a TILA counterclaim. Here, however, plaintiff requested attorney fees under the loan documents and not under TILA. To

---

[3] The transaction in question here took place in 1981. TILA was amended in 1980 by the Truth In Lending Simplification and Reform Act, Pub. L. No. 96-221, 94 Stat. 168 (1980), but the amendments were not effective until 1982. Defendants rely on regulations and interpretive material promulgated under the original TILA. We do not need to decide whether the regulations issued under the old law or the amended law should apply to this case, *see Anderson Bros. Ford v. Valencia,* 452 US 205, 101 S Ct 2266, 68 L Ed 2d 783 (1981), because plaintiff complied with TILA under both sets of regulations.

obtain a judgment of foreclosure, plaintiff had to defend against defendant's TILA counterclaim.[4] Attorney fees incurred in that defense are within the scope of the contractual provisions. *See Carlson v. Blumenstein,* 293 Or 494, 501 n 4, 651 P2d 710 (1982). Moreover, defendants do not argue that services of plaintiff's attorney in the bankruptcy court were not necessary to prosecute the foreclosure action. Plaintiff could not foreclose in circuit court unless the bankruptcy court lifted the automatic stay. Accordingly, the court was correct to include in the award of attorney fees an amount for services in bankruptcy court.

Defendants contend that the amount of the fees awarded was excessive. We find that the court did not abuse its discretion in fixing the amount of the fees.[5]

Affirmed.

---

[4] Contrary to defendants' contention, because the defense against the TILA counterclaim was part of prosecuting the foreclosure action, plaintiff did not need to plead that it was entitled to fees under TILA.

[5] The circuit court awarded an amount which was less than the amount that plaintiff requested.