**PACIFIC GAS TRANSMISSION COMPANY, a California corporation, Plaintiff,**

v.

**RICHARDSON'S RECREATIONAL RANCH, LTD., an ·Oregon Limited Partnership, and Johnnie W. Richardson, Defendants.**

**Civ. No. 90–1124–FR.**

United States District Court, D. Oregon.

Sept. 26, 1991.

Bruce C. Hamlin, Lane Powell Spears Lubersky, Portland, Or., for plaintiff.

Roy Kilpatrick, Kilpatricks, Lawyers, Mt. Vernon, Or., for defendants.

## OPINION

FRYE, District Judge:

The matters before the court are 1) the motion of the plaintiff for summary judgment (# 30); and 2) the motion of the defendants for summary judgment (# 35).

This is a proceeding for declaratory and injunctive relief brought by the plaintiff, Pacific Gas Transmission Company (PGT), against the defendants, Richardson's Recreational Ranch Ltd. and Johnnie W. Richardson (hereinafter referred to as the Ranch). PGT seeks to enforce a right of access to the Ranch pursuant to a Right of Way Agreement and by virtue of the National Historic Preservation Act of 1966. PGT requests a declaration of right and a permanent injunction against the defendants who have denied PGT access to the Ranch.

## FACTS

PGT is a common carrier of natural gas. On June 18, 1960, PGT entered into a Right of Way Agreement with Chester and Eleanor Kennedy, predecessors-in-interest to the present owners of the Ranch, in which the Kennedys granted to PGT a 100–foot right of way over and across the Ranch to install and maintain "such pipeline or lines" as PGT "shall from time to time elect for conveying natural ... gas" in the right of way. In the agreement, the Kennedys granted to PGT the right to use such lands adjacent to the 100–foot right of way "as may be reasonably necessary in connection with the installation" of such pipelines. PGT thereafter installed a pipeline within 100 feet of this right of way.

PGT now seeks to lay a second pipeline within this 100–foot right of way. In order to do so, PGT must obtain a Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission (FERC). Before the FERC can issue this certificate, PGT must perform preparatory work, including studies and mitigation work on cultural resources and studies and mitigation work on wetlands, paleontology, and wildlife in order to insure that the installation of the pipeline is consistent with applicable federal laws, including the Clean Water Act, the Endangered Species Act, and the National Historic Preservation Act.

PGT contracted with an archeological team to perform an archeological survey and prepare the initial evaluation to meet the requirements of the National Preservation Act of 1966.

The archeological team performed the initial archeological survey required by the National Preservation Act after access to the Ranch was obtained by order of this court. The archeological team may again need access to the Ranch in order to perform additional survey or mitigation work. The owners of the Ranch have not allowed PGT access to the Ranch. Further access will be needed to perform other studies necessary to the pipeline project.

On January 24, 1991, this court entered an order allowing PGT such access to the Ranch as was reasonably necessary for the purpose of completing the archeological survey and other preparatory work during the pendency of this action.

## CONTENTIONS OF THE PARTIES

PGT contends that it is authorized to conduct the studies on the Ranch that are necessary to obtain the certificate from the FERC to lay the second pipeline, first by virtue of the Right of Way Agreement which permits use of those lands adjacent to the 100–foot right of way which are "reasonably necessary" to the installation of the second pipeline, and second by virtue of the privilege to access private lands which flows from the duty imposed by federal law.

The Ranch asserts that the parties could not have contemplated at the time they signed the Right of Way Agreement the necessity for access in order to complete archeological studies because the Right of Way Agreement was entered into six years before the National Historic Preservation Act was passed, and the National Historic Preservation Act does not provide that private landowners are subject to the provisions of this Act.

## APPLICABLE STANDARD

Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

## ANALYSIS AND RULING

The Right of Way Agreement between PGT and Chester and Eleanor Kennedy, the former owners of the Ranch, explicitly states that PGT is authorized to install the second pipeline within the 100–foot right of way and is authorized to use the land adjacent to the 100–foot right of way "as may be reasonably necessary in connection with the installation" of the second pipeline. There can be no dispute but that the requirements of the National Historic Preservation Act and other federal laws applicable to the installation of the pipeline must be met.

The Right of Way Agreement of 1960 contemplated that PGT could use the right of way to perform such acts as may be reasonably necessary. This language is broad enough to encompass acts which are required by federal laws before the installation of a pipeline.

## CONCLUSION

PGT's motion for summary judgment (# 30) is granted; and the Ranch's motion for summary judgment (# 35) is denied. Counsel for PGT shall prepare the appropriate judgment.