**PACIFIC GAS TRANSMISSION COMPANY, a California corporation, Plaintiff–Appellee,**

v.

**RICHARDSON'S RECREATIONAL RANCH, LTD., an Oregon Limited Partnership; Johnnie W. Richardson, Defendants–Appellants.**

No. 91–36181.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 1, 1993.

Decided Nov. 19, 1993.

Roy Kilpatrick, Mt. Vernon, OR, for defendants-appellants.

Bruce C. Hamlin and Thomas W. Sondag, Lane, Powell, Spears, Lubersky, Portland, OR, for plaintiff-appellee.

Before: BROWNING, SCHROEDER and HALL, Circuit Judges.

SCHROEDER, Circuit Judge:

This case arises out of the efforts of a property owner to prevent a natural gas company from entering his property to conduct surveys federal law requires of those carrying natural gas by pipeline. The company brought suit in federal court and obtained an injunction based on a right-of-way agreement it had negotiated in 1960 to build a pipeline. The property owner appeals. We affirm the narrow injunction the district court entered.

## BACKGROUND

Pacific Gas Transmission Company ("PGT"), a common carrier of natural gas, is licensed by the Federal Energy Regulatory Commission ("FERC") to transport gas by pipeline from the Idaho/Canada border to Oregon. On June 18, 1960, PGT entered into a right-of-way agreement with the owners of the land now owned by appellant, Richardson's Recreational Ranch, Ltd. ("RRR"). Under the agreement, PGT obtained a 100-foot right-of-way through RRR's land to "install ... such pipeline or lines of any size as [PGT] shall from time to time elect for conveying natural and artificial gas...." The agreement also gives PGT "the right to use such portion of said lands adjacent to and along [the 100-foot] strip as may be reasonably necessary in connection with the installation, repair and replacement of such pipeline or lines." PGT paid $1,358.08 for the right-of-way.

Under federal law, a natural gas company may not engage in the transportation or sale of natural gas unless and until it obtains a certificate of public necessity from FERC. 15 U.S.C. § 717f(c) (1988). In the early 1960s, PGT obtained a certificate and constructed a pipeline along its rights-of-way. Thereafter, Congress enacted several laws imposing compliance obligations on individuals and federal agencies as a precondition to various construction projects. For example, under The National Historic Preservation Act of 1966, Pub.L. No. 89–665, 80 Stat. 915 (codified as amended at 16 U.S.C. §§ 470 to 470w–6 (1988)), federal licensing agencies, including FERC, must "take into account the effect of [an] undertaking on any district, site, building, structure or object that is included in or eligible for inclusion in the National Register [of Historic Places]," prior to issuing a license for the "undertaking." 16 U.S.C. § 470f (1988).[1]

PGT now seeks to build a second pipeline along its rights-of-way. In order to ensure compliance with the National Historic Preservation Act and other federal compliance programs, PGT has contracted with an archeological team to perform a survey and an evaluation of the area adjacent to its right-of-way across RRR's land. The parties agree that under federal law, the preparatory work required of PGT includes "studies and mitigation work on cultural resources ... and studies and mitigation work on wetlands, paleontology, and wildlife." Pretrial Order § 3(q); see generally 18 C.F.R. § 157.-206(d)(2) (1993).

Contending that use of its land to conduct an archeological survey exceeds the authority granted to PGT in the 1960 agreement, RRR denied PGT's archeological team any access to the land. PGT brought suit in federal district court,[2] seeking an order enjoining RRR from denying PGT access to the land.

---

1. See also 18 C.F.R. § 157.206(d)(2)(iii) (1993) (requiring natural gas companies to comply with the National Preservation Act as a precondition to obtaining a certificate of public necessity).

2. The district court had subject matter jurisdic-

The district court first issued a temporary restraining order enjoining RRR from denying access to PGT, and, after a hearing, granted PGT's motion for preliminary injunction. Following further pretrial proceedings, the district court granted PGT's motion for summary judgment and denied RRR's cross motion. *See Pacific Gas Transmission Co. v. Richardson's Recreational Ranch, Ltd.,* 773 F.Supp. 246 (D.Or.1991). The district court held that use of the land for compliance with federal statutes is within the scope of the right-of-way agreement. On October 11, 1991, in an unpublished order, the district court issued permanent injunctive and declaratory relief, ruling that PGT "is entitled to access [RRR's] real property, . . . to enter the right of way, and such lands adjacent to the 100 foot right of way, as may be reasonably necessary in connection with preparatory work, examination, survey, and location of a route for such pipeline(s) . . . by virtue of the National Historic Preservation Act . . . and by virtue of all federal laws applicable to the installation of the pipeline."

RRR appeals the judgment entered by the district court. RRR contends that the district court's order authorizes PGT to make uses of RRR's land beyond those contemplated under the 1960 agreement.

### DISCUSSION

The 1960 agreement provides that PGT may use land adjacent to the right-of-way "as may be reasonably necessary in connection with the installation" of natural gas pipelines. As the district court held, compliance with mandatory federal programs imposing legal obligations on PGT is "reasonably necessary" to the installation of a second pipeline. Congress has mandated it. Accordingly, entry onto RRR's land by PGT for the purpose of complying with these programs is within the bundle of permissible uses PGT purchased in 1960. *Accord Jewell v. Kroo,* 268 Or. 103, 517 P.2d 657, 659–60 (1973) (in banc).

RRR argues that post–1960 federal compliance regulations have expanded the range of permissible uses under the right-of-way agreement far beyond that ever contemplated by the parties. As evidenced by the plain language of the agreement, however, the original grantor considered the possibility of future events that might affect the grantee's use of the right-of-way. The agreement contemplates the installation of more than one pipeline, and authorizes reasonable uses of the land consistent with such installation. Moreover, under Oregon law, the holder of a right-of-way is not limited to using the property for its original intended use. *Bernards v. Link,* 199 Or. 579, 248 P.2d 341, 349 (1952); *see Verzeano v. Carpenter,* 108 Or.App. 258, 815 P.2d 1275, 1278–79 (1991), *review denied,* 312 Or. 589, 824 P.2d 417 (1992). In the absence of clear language in the agreement to the contrary, PGT is not limited to uses of the land that are consistent with pre–1960 law.

While affirming the injunction, we emphasize its narrowness. PGT is authorized only to make use of the land as is "reasonably necessary" for compliance with federal law. There is no evidence in the record of misuse by PGT. But should PGT exceed the scope of the reasonable latitude given to it in the right-of-way agreement, it faces potential liability as a trespasser. *Laden v. Atkeson,* 112 Mont. 302, 116 P.2d 881, 884–85 (1941); *see Brown v. Voss,* 105 Wash.2d 366, 715 P.2d 514, 517 (1986); *see generally* 28 C.J.S. Easements § 103(b) (1941). In addition, nothing in this opinion should be read to preclude any right to recovery RRR might have under state law for injuries to its land caused by PGT's negligence, if any, in connection with the installation and maintenance of a new pipeline. *See Texas–New Mexico Pipe Line Co. v. McIntyre,* 430 S.W.2d 569 (Tex.Civ. App.1968); *Baker v. Pierce,* 100 Cal.App.2d 224, 223 P.2d 286 (1950).

Moreover, under the terms of the 1960 agreement, PGT is liable for the "reasonable amount of actual damages" to RRR's land "caused by [PGT] . . . in the construction or

tion over this land dispute, pursuant to 28 U.S.C. § 1332 (1988), because there was diversity of citizenship among the parties.

reconstruction of the pipeline...." Courts considering similar covenants in pipeline right-of-way agreements have held that a pipeline owner is liable for damage to the land adjacent to a right-of-way regardless of whether the damage was the result of negligence. *E.g., Buras v. Shell Oil Co.,* 666 F.Supp. 919, 922–23 (S.D.Miss.1987). Our decision does not foreclose the possibility of relief for any such damage, but merely affirms the district court's order enjoining RRR from denying plaintiff's access to RRR's land for the construction of a pipeline and related site evaluations required by federal law.

AFFIRMED.